IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITE HALL ENTERTAINMENT, ) <br> CORNERSTONE COMMUNITY ) <br> OUTREACH INC., WHITE HALL ) <br> ENTERTAINMENT LLC, WHITE ) <br> HALL ENTERTAINMENT CENTER ) <br> LLC, BB23, INC., AND R&J ) <br> HOLDING  COMPANY, INC. ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STEVE MARSHALL, IN HIS ) <br> OFFICIAL CAPACITY AS ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF ALABAMA AND IN ) <br> HIS INDIVIDUAL CAPACITY, ) <br> ) <br>     Defendant. ) | Case No. _____ |

**COMPLAINT**

**Introduction and Jurisdiction**

1. This is a civil action for declaratory relief, injunctive relief, and monetary damages brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation of rights, privileges, and immunities secured to Plaintiffs by the First, Sixth, and Fourteenth Amendments to the United States Constitution.

2. This action challenges the Defendant's policy and practice of utilizing Alabama's civil public nuisance statutes to prohibit and penalize electronic bingo

1

operations. This enforcement scheme is a pretext to circumvent the specific criminal statutes enacted by the Alabama Legislature to govern gambling, thereby unconstitutionally depriving Plaintiffs of the right to a trial by jury and other procedural safeguards guaranteed by the U.S. Constitution.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States, and 28 U.S.C. § 1343, as this is a civil action to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution.

4. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the property that is the subject of the action is situated in this district.

## Parties

6. Plaintiff White Hall Entertainment is an entity organized under the laws of Alabama, with its principal place of business in Lowndes County, Alabama.

7. Plaintiff Cornerstone Community Outreach, Inc. is a non-profit organization organized under the laws of Alabama, with its principal place of

business in Lowndes County, Alabama, and is licensed to conduct charitable bingo operations.

8. Plaintiff White Hall Entertainment, LLC is a limited liability company organized under the laws of Alabama, with its principal place of business in Lowndes County, Alabama.

9. Plaintiff White Hall Entertainment Center, LLC is a limited liability company organized under the laws of Alabama, with its principal place of business in Lowndes County, Alabama.

10. Plaintiff BB23, Inc. is a corporation organized under the laws of Alabama, with its principal place of business in Lowndes County, Alabama.

11. Plaintiff R&J Holding Company, Inc. is a corporation organized under the laws of Alabama, with its principal place of business in Lowndes County, Alabama.

12. Defendant Steve Marshall is the Attorney General of the State of Alabama and is sued in his official capacity for prospective declaratory and injunctive relief. As Attorney General, he is the chief law enforcement officer of the State of Alabama and is responsible for the enforcement policies and actions challenged herein.

13. Defendant Steve Marshall is also sued in his individual capacity for monetary damages for his role in directing and implementing the unconstitutional policies and actions that deprived Plaintiffs of their federally protected rights.

14. At all times relevant to this Complaint, Defendant Marshall acted under color of state law.

## Factual Background

15. In 2000, the citizens of Alabama ratified Constitutional Amendment 674, which authorized charitable bingo operations in White Hall, Lowndes County, Alabama. The passage of this amendment reflected the will of the voters to permit and regulate charitable bingo as a lawful activity within Lowndes County. The Defendant's subsequent enforcement policy—to enforce gaming laws through public nuisance law and the legal theory of public nuisance per se— nullified the outcome of this vote.

16. Plaintiffs operated White Hall Entertainment, an electronic bingo facility in Lowndes County, which served as one of the few safe and accessible venues for entertainment, social gathering, and charitable fundraising in a rural, economically disadvantaged community. The facility provided significant financial support to charitable causes, including public education, and was designed to be fully accessible to patrons with disabilities in compliance with the Americans with Disabilities Act. The closure of Plaintiffs' facility by Defendant's enforcement

4

action deprived the community of a vital social space, substantially burdening the right of residents to assemble and associate, particularly in an area with limited opportunities for such interaction.

17. Following Alabama Supreme Court precedent establishing a six-factor test to distinguish lawful bingo from illegal gambling devices, Plaintiffs proactively secured and implemented a new electronic bingo program intended to address and comply with the requirements set forth by the court.

18. At the time of seizure, the machines in Plaintiffs' facility operated using this newly implemented program. The Defendant closed the facility and seized all property without investigating or evaluating the operation of the new program.

19. The Alabama Legislature has enacted a specific criminal statute, Alabama Code § 13A-12-27, which makes the possession of an illegal gambling device a Class A misdemeanor. A Class A misdemeanor is punishable by up to one year of imprisonment, which triggers the right to a trial by jury under the Sixth Amendment to the U.S. Constitution.

20. Defendant Marshall, however, has adopted a policy and practice of bypassing this specific criminal statute and its attendant constitutional safeguards. Instead, he has initiated civil enforcement actions under a novel and expansive interpretation of Alabama's public nuisance law, a legal theory that has never been used to enforce gaming laws in any other state in the nation.

21. The Legislature expressly excluded gambling from the statutory list of activities that constitute a public nuisance. By initiating a civil public nuisance action against Plaintiffs' constitutionally authorized bingo operation, the Defendant deliberately circumvented proper criminal enforcement laws to deny Plaintiffs their constitutional right to a jury trial.

22. This novel enforcement theory has been selectively and disparately applied, targeting electronic bingo facilities in majority African American counties, including Lowndes County.

23. In November 2023, acting under color of state law and pursuant to this enforcement policy, the Defendant directed the closure and seizure of Plaintiffs' entire business operation. This included the seizure of all real and personal property, all financial assets, and all of the electronic bingo machines, including those operating with the new program Plaintiffs had implemented in an effort to comply with the law.

24. Prior to this seizure, the Defendant's agents did not investigate or take actions to understand the operation of Plaintiffs' new bingo system. The seizure was executed without affording Plaintiffs due process of law, resulting in the complete destruction of their business, destruction of their property, and the loss of personal property and assets.

25. The closure of Plaintiffs' facility deprived the community of one of its few social gathering spaces, thereby burdening the right of residents to assemble and associate, particularly in a rural, majority-Black county where such venues are scarce.

26. The federal constitutional claims asserted in this Complaint—including those arising under the First, Sixth, and Fourteenth Amendments—have not been adjudicated in state court and are presented here for the first time.

## Causes of Action

### Count I—Violation of the Sixth and Fourteenth Amendments

27. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

28. This claim is brought pursuant to 42 U.S.C. § 1983 for the deprivation of rights secured by the Sixth and Fourteenth Amendments to the United States Constitution.

29. The Alabama Legislature has enacted specific laws for the criminal enforcement of illegal gambling devices. Alabama Code § 13A-12-27 defines the "Possession of a gambling device" as a Class A misdemeanor.

30. Under Alabama law, a Class A misdemeanor is punishable by a term of imprisonment of up to one year. The Sixth Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment, guarantees the right to a

trial by jury for any offense carrying a potential sentence of more than six months' imprisonment.

31. Defendant Marshall, acting under color of state law, has adopted a policy and practice of deliberately bypassing the specific criminal statute enacted by the Legislature. Instead, he has initiated civil proceedings under a novel interpretation of public nuisance law to achieve the same punitive ends—the closure of businesses and forfeiture of assets—without the burden of a criminal prosecution.

32. This strategic decision to frame the enforcement action as a civil "public nuisance" case is a pretext designed to circumvent the constitutional protections afforded in a criminal proceeding. By doing so, Defendant Marshall has unconstitutionally deprived Plaintiffs of their fundamental right to a trial by jury.

33. The federal constitutional claims raised herein have not been adjudicated in state court and are brought for the first time in this action.

## Count II—Violation of the Fourteenth Amendment

34. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

35. This claim is brought pursuant to 42 U.S.C. § 1983 for the deprivation of rights secured by the Due Process Clause of the Fourteenth Amendment.

36. The Defendant's actions violated Plaintiffs' rights to procedural due process. Acting under color of law, the Defendant directed the seizure of Plaintiffs'

real property, personal property, and all financial assets without providing a prompt and meaningful hearing, thereby depriving Plaintiffs of their property without due process of law.

37. The Defendant's actions violated Plaintiffs' rights to substantive due process. The Defendant's use of equitable public nuisance law to enforce gaming in Alabama is arbitrary and capricious. The voters approved the constitutional amendment authorizing charitable bingo in Lowndes County, and this executive override of an enacted constitutional provision constitutes a violation of due process.

38. The Defendant's enforcement policy of using the equitable remedy of public nuisance law also constitutes an executive override of legislative action and intent. The Alabama Legislature enacted specific laws to address illegal gambling, including Ala. Code § 13A-12-27. The Legislature also expressly excluded gambling in the statutory list of activities constituting a public nuisance under Alabama law. By bypassing this specific legislative framework and proceeding under a general public nuisance theory, the Defendant has substituted his own enforcement priorities for the judgment of the Legislature. This executive override of legislative action and intent is an arbitrary exercise of power that violates Plaintiffs' rights to substantive due process under the Fourteenth Amendment.

### Count III—Violation of the Fourteenth Amendment

39. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

40. This claim is brought pursuant to 42 U.S.C. § 1983 for the deprivation of rights secured by the Equal Protection Clause of the Fourteenth Amendment.

41. Upon information and belief, Defendant Marshall has engaged in a policy of selective and arbitrary enforcement by applying this novel and punitive application of public nuisance law in a disparate manner, without a rational basis for the distinctions in enforcement.

42. This selective and arbitrary enforcement denies Plaintiffs the equal protection of the laws guaranteed by the Fourteenth Amendment.

### Count IV—Violation of the First Amendment

43. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

44. This claim is brought pursuant to 42 U.S.C. § 1983 for the deprivation of rights secured by the First Amendment.

45. Plaintiffs' facility provided one of the few safe, accessible venues for social gathering and interaction for residents of Lowndes County and the surrounding rural areas. The closure of this facility by Defendant's enforcement action deprived the community—particularly in a rural, majority-Black county

where the voters had authorized charitable bingo—of a vital space for assembly, association, and community engagement.

46. The Defendant's action in closing the facility under the pretext of abating a "nuisance" has eliminated a critical community space, thereby placing an undue burden on the rights of citizens to peaceably assemble and associate. The closure was not narrowly tailored to serve any compelling government interest and unconstitutionally infringed upon these protected First Amendment activities, further harming a community with limited opportunities for social interaction and collective expression.

## **Damages and Relief Sought**

47. As a direct and proximate result of the Defendant's unconstitutional policies and actions, Plaintiffs have suffered and continue to suffer significant harm, including the loss of their businesses, the loss of all business revenues and profits, the loss of their personal property and assets, significant damage to their real property, and damage to their business reputations.

48. Plaintiffs seek compensatory damages to compensate them for the economic losses and other injuries sustained as a result of the Defendant's unlawful conduct.

49. Plaintiffs seek punitive damages against Defendant Steve Marshall in his individual capacity for his willful, malicious, and reckless disregard for Plaintiffs' clearly established constitutional rights.

50. Plaintiffs also seek prospective equitable relief. They request a declaratory judgment that the Defendant's policy and practice of enforcing gaming laws through civil public nuisance actions, thereby circumventing the criminal justice system and depriving individuals of their right to a jury trial, is unconstitutional.

51. Plaintiffs further seek a permanent injunction prohibiting Defendant Marshall and his agents from prospectively utilizing civil public nuisance statutes to shut down and seize the assets of electronic bingo facilities and ordering the return of property and assets unlawfully seized from Plaintiffs.

52. This action a direct, original action brought under 42 U.S.C. § 1983 to protect Plaintiffs' federal constitutional rights and to obtain relief for the injuries caused by the Defendant's unconstitutional enforcement policies and conduct.

### Conclusion and Prayer for Relief

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against the Defendant, and grant the following relief:

a. A declaratory judgment that Defendant Marshall's policy and practice of utilizing civil public nuisance law to enforce Alabama's gaming statutes

violates the First, Sixth, and Fourteenth Amendments to the United States Constitution;

b. A permanent injunction enjoining Defendant Marshall, his officers, agents, employees, and all persons acting in concert with him, from prospectively utilizing civil public nuisance statutes to enforce Alabama's gaming laws against Plaintiffs, and ordering the return of all personal property and financial assets seized from Plaintiffs;

c. An award of compensatory damages;

d. An award of punitive damages against Defendant Steve Marshall in his individual capacity;

e. An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f. Such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

**/s/ *Faya Rose Toure***
**Faya Rose Toure**


Faya Rose Toure
CHESTNUT, SANDERS & SANDERS, LLC
P.O. Box 1290,
Selma, AL 36702-1290
Office: (334) 526-4531
Email: fayarose@gmail.com
Email: jcurtis@chestnutsanderslaw.com
Attorney for Plaintiffs

**TO BE SERVED BY PRIVATE PROCESS SERVER, CERTIFIED MAIL RETURN RECEIPT REQUESTED, OR COMMERCIAL CARRIER**:

Steve Marshall
Alabama Attorney General
Office of the Attorney General
501 Washington Avenue
Post Office Box 300152
Montgomery, AL  36130-0152
(334) 242-7300